# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## CA 07-77


## SUCCESSION OF BERNICE H. AGUILERA


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 13751, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## BILLY HOWARD EZELL
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**William Preston Crews, Jr.**
**Attorney at Law**
**P. O. Box 226**
**Natchitoches, LA 71458-0226**
**(318) 356-8001**
**Counsel for Appellees:**
**Patricia H. Mellor**
**Katherine M. Carter**
**Barbara E. Mellor**
**John F. Mellor**

**Charles Raymond Whitehead, Jr.**
**Whitehead Law Offices**
**P. O. Box 697**
**Natchitoches, LA 71458-0697**
**(318) 352-6481**
**Counsel for Appellant:**
**Succession of Bernice Aguilera, through its executor James Seaman**

**Ezell, Judge.**

James Seaman, the dative testamentary executor of the succession of Bernice Aguilera, appeals a trial court judgment dismissing the proceedings to probate a will of Ms. Aguilera. The trial court found that a judgment on a more recent will in Florida barred an action in Louisiana pursuant to the doctrine of res judicata.

## FACTS

Since 1937, Bernice Aguilera resided in Natchitoches with her husband who died in the early 1960's. In November 2003, Ms. Aguilera moved to Fort Myers, Florida with her sister, Patricia Mellor. Before moving to Florida, Ms. Aguilera had executed a will on June 22, 2000. After her move to Florida, Ms. Aguilera executed another will on January 23, 2004. This later will left $10,000 to Reverend Ryan Horton and an oil painting to the art department of Northwestern Louisiana University. The remainder of the estate was left to her sister and her sister's children. The previous Louisiana will included these legatees in addition to other legatees. The other legatees that sums of money had been bequeathed to in the Louisiana will included Pearlie Horn and Henrietta Byrd, Ms. Aguilera's caretakers for years. Sums of money had also been left to two great nieces and a cousin on her husband's side.

Ms. Aguilera died on August 26, 2004, at the age of 96. An order admitting the January 2004 will to probate and appointing Ms. Mellor as the personal representative was entered on September 21, 2004, in Florida. Notice of the administration was sent by certified mail to Ms. Horn, Ms. Byrd, and the other previous legatees. Ms. Horn and Ms. Byrd filed objections to the jurisdiction of the court and Ms. Aguilera's testamentary capacity in the proceedings in the Florida court.

1

On February 23, 2005, Ms. Horn and Ms. Byrd filed a petition to probate the June 2000 will and for the appointment of an executor in Natchitoches Parish. Mr. James Seaman was appointed dative testamentary executor. On March 17, 2005, Ms. Mellor filed exceptions of lis pendens, lack of jurisdiction over the person, and lack of jurisdiction of the subject matter in the Louisiana proceedings. On March 23, 2005, the parties agreed that the exception of lis pendens should be granted. An order was signed staying the Louisiana proceedings.

Meanwhile, Ms. Horn and Ms. Byrd came to an agreement regarding the Florida proceedings. They withdrew their objections. An order of distribution was entered providing a payment of $50,000 to Ms. Horn and a payment of $35,000 to Ms. Byrd. These were the amounts that were bequeathed to them in the June 2000 will.

An order of discharge was signed in Florida on October 5, 2005, declaring Ms. Aguilera's estate to be fully administered and discharged. Thereafter, Ms. Mellor filed a motion in the Louisiana proceedings asking that the Florida judgment be given full faith and credit, thereby barring the present proceedings pursuant to the doctrine of res judicata. A hearing on the exceptions was held on April 4, 2006, with additional argument on May 31, 2006. Mr. Seaman, as executor of the estate, was the only remaining litigant opposing the Florida proceedings.

In written reasons for judgment the trial court found that the validity of the Florida judgment, i.e. competency and domicile, should have been litigated in Florida. Interested parties were given notice of the Florida proceedings in addition to the fact that Mr. Seaman admitted that he knew of the Florida proceedings and had approved the order of lis pendens. The trial court granted the exception of res judicata.

2

Mr. Seaman objects to the trial court's grant of res judicata, arguing that it was error to dismiss the petition. Specifically, he argues that Ms. Mellor should have instituted suit to have the Florida judgment made executory in Louisiana. He also claims that certain evidence relied upon by the trial court was not properly admitted.

Ms. Mellor did not seek to execute on the Florida judgment in Louisiana. She simply asked the court to accord the judgment full faith and credit and recognize its res judicata effect on any probate proceedings involving Ms. Aguilera's estate in Louisiana. The effect of the full faith and credit clause of the Constitution is to preserve the conclusiveness of the foreign judgment as evidence, not to preserve its executory character. *Douglass v. Gyulai*, 144 La. 213, 80 So. 258 (1918). Therefore, we will address whether the trial court properly found that the Florida judgment was entitled to full faith and credit and had a res judicata effect on the probate proceedings that Mr. Seaman seeks to continue as executor.

Louisiana courts are required to give full faith and credit to judgments of courts of other states. U.S. Const. art. 4, § 1.

> The constitutional command of full faith and credit, as implemented by Congress, requires that "judicial proceedings * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken." Full faith and credit thus generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. "By the Constitutional provision for full faith and credit, the local doctrines of *res judicata*, speaking generally, become a part of national jurisprudence, and therefore federal questions cognizable here."

*Durfee v Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244 (1963)(*quoting Riley v. New York Trust Co.*, 315 U.S. 343, 349, 62 S.Ct. 608, 612 (1942))(footnote omitted).

Unless the foreign forum lacked jurisdiction over the litigants or the subject matter involved in the controversy, Louisiana courts cannot deny full faith and credit

to a foreign judgment. *Ponderosa Assocs., Ltd. v. Verret*, 97-1184 (La.App. 3 Cir. 7/1/98), 714 So.2d 956, *writ denied*, 98-2368 (La. 11/20/98), 728 So.2d 1290. One seeking to escape the operation of a judgment rendered in another state has the burden of proof. *Esenwein v. Commonwealth of Penn.*, 325 U.S. 279, 65 S.Ct. 1118 (1945); *Andries v. Andries*, 398 So.2d 123 (La.App. 3 Cir. 1981).

Jurisdiction of the Florida court to hear the case was based on Fla. State. Ann. § 733.101(1), which provides that the venue of probate proceedings shall be in the county of Florida where the decedent was domiciled. *Cuevas v. Kelly*, 873 So.2d 367 (Fla. App. 2 Dist 2004).

A copy of the January 2004 Florida will was attached to the original petition filed in the Louisiana proceedings. The will itself provides that Ms. Aguilera was domiciled in Lee County, Florida. No evidence has been produced by Mr. Seaman other than an affidavit executed by Ms. Horn and Ms. Byrd attached to the petition which states that Ms. Aguilera was not mentally capable of determining whether she wanted to continue living in Natchitoches, Louisiana. This self-serving affidavit is insufficient to defeat the presumption that the probated Florida will was valid and effective. *See Succession of Hagan*, 150 La. 934, 91 So. 303 (1922); *David v. David*, 347 So.2d 885 (La.App. 3 Cir. 1977); and *Hebert v. Winn*, 24 La.Ann. 385 (1872). We find no evidence presented by Mr. Seaman which establishes that the Florida court lacked jurisdiction and that its judgment is not entitled to full faith and credit.

Mr. Seaman has complained about whether certain evidence introduced by Ms. Mellor was properly authenticated. The original burden of proof was on Mr. Seaman to prove that the Florida judgment was not entitled to full faith and credit. Our finding that the Florida judgment is entitled to full faith and credit renders moot any need to discuss the evidence offered by Ms. Mellor in support of the Florida

4

judgment.

For these reasons, we find that the trial court was correct in granting the exception of res judicata. Costs of this appeal are assessed to James Seaman, dative testamentary executor.

**AFFIRMED.**