GUIDRY, J.
|2In this action seeking to set specific custody and incidental matters, defendant, Mariana De La Cruz Sartin, appeals from a final judgment in favor of plaintiff, Rafael A. Guzman. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Guzman and Ms. Sartin were married on June 21, 1995, in the Municipality of Barata of the State of Republic of Vene *428 zuela. Two children were born of their union, Ivonne Guzman (d/o/b November 3, 1994) and Gabriel Guzman (d/o/b May 15, 1997). On May 23, 2001, the parties were divorced in Venezuela, and Ms. Sartin was awarded custody of the children, while Mr. Guzman enjoyed an open visitation schedule to conform to his military duties.
In December of 2007, Ms. Sartin and the children moved from Venezuela to Slidell, Louisiana. According to Mr. Guzman, sometime thereafter he began encountering problems when he attempted to visit his children. He subsequently filed a verified petition to set specific custody and incidental matters, seeking to have the court in St. Tammany Parish modify the original Venezuelan judgment. On April 29, 2009, Mr. Guzman filed a motion to supplement and amend the original petition, to request the enforcement of visitation, and to seek attorney’s fees and incidental relief.
After Mr. Guzman filed his original petition, the trial court ordered that he and Ms. Sartin appear in person, with then-respective attorneys, before a hearing officer at the parish courthouse. The conference was held on May 4, 2009, and the parties addressed the issues raised in Mr. Guzman’s petition. Following the conference, the hearing officer issued a conference report recommending that the parties share joint custody of the minor children, designating Ms. Sartin as the domiciliary parent, setting a specific visitation schedule, and issuing co-parenting |3guidelines. Both parties filed objections in response to the recommendations made in the hearing officer’s report.
On June 18, 2009, the parties participated in another conference before the hearing officer to address the issues raised in Mr. Guzman’s motion to supplement and amend his original petition. After the conference, the hearing officer issued a report finding that Mr. Guzman’s request for additional visitation was moot and denying his request for reimbursement for costs, attorney’s fees, and travel expenses as it related to the April 2009 visitation. Thereafter, Ms. Sartin filed an objection to the hearing officer’s report asserting that the court lacked venue, that the action was premature, and that Mr. Guzman has no cause of action or no right of action. In addition to the objection, Ms. Sartin filed exceptions raising the objections of improper venue, prematurity, no cause of action or no right of action.
Following a hearing on the matters presented in the petitions and exceptions, the trial court rendered judgment on July 20, 2009, in favor of Mr. Guzman and denied Ms. Sartin’s exceptions.[1] Ms. Sartin now appeals from this judgment.
DISCUSSION
In her assignments of error, Ms. Sartin contends that the trial court erred in overruling her exceptions raising the objections of improper venue, prematurity, no cause of action, and no right of action. She also contends that the trial court erred in enforcing and modifying the foreign judgment.
Jurisdiction
We will first discuss Ms. Sartin’s contention that the trial court erred in enforcing and modifying the foreign judgment because this contention relates to whether the trial court had subject matter jurisdiction over the action. Specifi *429 cally, |4she avers that Mr. Guzman failed to make the foreign judgment executory in the State of Louisiana in accordance with Louisiana Code of Civil Procedure article 2541 [2] or Louisiana Revised Statute 13:4242.[3] However, out-of-state child custody determinations are specifically governed by the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter referred to as the UCCJEA) found in Louisiana Revised Statute 13:1801— 1842, which sets forth specific rules regarding the recognition, modification, and enforcement of child custody determinations. This statute applies to international cases as well as domestic cases.[4] The purpose of the UCCJEA is to “provide clearer standards for which States can exercise original jurisdiction over a child custody determination.”[5]
The Venezuelan judgment determined the custody of the two children, awarding Ms. Sartin custody while Mr. Guzman was to enjoy an open visitation schedule to conform to his military duties. Mr. Guzman now seeks to modify that custody determination to provide for more structured visitation. The UCCJEA does not require that an out of state custody determination be made executory to be enforceable. See La. R.S. 13:1825. Thus, the UCCJEA, as the more specific law on this issue, applies to the instant case.
|sMs. Sartin further avers that Mr. Guzman failed to register the Venezuelan custody determination in accordance with the UCCJEA. The UCCJEA permits registration of an out of state custody determination.[6] Louisiana Revised Statute 13:1827 provides in pertinent part that “[a] child custody determination issued by a court of another state may[7] be registered in this state, with or without a simultaneous request for enforcement ...” This statute also applies to child custody determinations made in foreign countries.[8]
*430 However, a clear reading of the UC-CJEA demonstrates that the legislature did not intend to mandate that parties register their out-of-state child custody determination for the determination to be recognized, enforced, and modified under the laws of this state. The use of the word may in the statute indicates that registration of the judgment is permissive, not mandatory. In accordance with the UC-CJEA, a court of this state has a duty to recognize and enforce an out-of-state child custody determination if the other state exercised jurisdiction in compliance with the UCCJEA or the determination was made under factual circumstances complying with the jurisdictional standards of this Act and the determination has not been modified in accordance with the Act. La. R.S. 13:1825(A).
Here, the judgment rendered in the Bo-livarian Republic of Venezuela complied with the jurisdictional standards of the UCCJEA in that Venezuela was the parties’ and the children’s domicile when the judgment was rendered. Therefore, a court of this state has a duty to recognize and enforce the Venezuelan | (¡custody determination. It also has the power to modify this properly recognizable and enforceable judgment if the requisites for modification under the statute are complied with.
In the instant case, Mr. Guzman is in fact seeking to modify the Venezuelan judgment. Louisiana Revised Statute 13:1815 provides that a court of this state has jurisdiction to modify a child custody determination under the following circumstances:
Except as otherwise provided in R.S. 13:1816, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2) and:
(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819; or
(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.
Louisiana Revised Statute 13:1813(A)(1) further provides:
Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child’s home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
Louisiana Revised Statute 13:1802(7)(a) defines “Home State” as,
The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of *431 a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of [ 7temporary absence of any of the mentioned persons is part of the period.
In the instant case, we find that Louisiana has jurisdiction to modify the Venezuelan child custody determination. Louisiana is the “Home State” of the children because the children have been residing in Louisiana with their mother since December of 2007, approximately a year and a half before the child custody proceedings, and neither the children nor their parents presently reside in Venezuela.[9] Accordingly, we find that the trial judge did not err when she determined that Louisiana has jurisdiction over the child custody proceedings. Having resolved the issue of jurisdiction in finding that registration was not required, for that same reason, we find no merit in Ms. Sartin’s arguments regarding the exceptions raising the objections of prematurity, and no cause of action or no right of action.
Improper Venue
Ms. Sartin asserts that venue is not proper in St. Tammany Parish because she and the children now reside in Terrebonne Parish. Venue is the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. An action against an individual who has changed his domicile from one parish to another may be brought in either parish for a period of one year from the date of the change, unless he has filed a declaration of intention to change his domicile. La. C.C.P. art. 71.
In the instant case, Mr. Guzman filed his action on April 1, 2009, in St. Tammany Parish where Ms. Sartin and the children resided. After the petition was filed but before the hearing on June 28, 2009, Ms. Sartin and the children relocated to Terre-bonne parish. Therefore, venue was proper in either St. Tammany or |8Terrebonne Parish. Accordingly, we find no error in the trial court’s judgment denying the exception raising the objection of improper venue.
CONCLUSION
For the aforementioned reasons, we affirm the judgment of the trial court. All costs of these proceedings are assessed against the defendant, Mariana De La Cruz Sartin.
AFFIRMED.
CARTER, C.J., concurs.
PETTIGREW, J., dissents, and assigns reasons.

. Additionally, at the hearing on the matters presented to the court, Ms. Sartin raised the objection of lack of subject matter jurisdiction because Mr. Guzman failed to register or make the Venezuelan judgment executory in St. Tammany parish pursuant to La. R.S. 13:4241 or La. C.C.P. art. 2541.

. Louisiana Code of Civil Procedure article 2541(A) provides, in pertinent part, as follows:
A parly seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

. Louisiana Revised Statute 13:4242 provides:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

. La. R.S. 13:1805.

. U.C.C.J.E.A. Prefatory Note (1997).

. "Registration can be used to predetermine the enforceability of a custody determination ... A custody determination can be registered without any accompanying request for enforcement.” U.C.C.J.E.A. § 305 cmt. (1997).

. The use of the word may in La. R.S. 13:1827 provides a party with the option of registering a judgment. See Black v. St. Tammany Parish Hospital, 08-2670, (La.11/6/09), 25 So.3d 711, Louisiana Civil Code article 9 provides “when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”

. See La. R.S. 13:1805(A).

. Mr. Guzman is currently a resident of the state of Texas.