DAVID G. DAIGLE

VERSUS

KATHERINE A. DAIGLE

NO. 21-CA-339

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 811-037, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

February 23, 2022

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED**
   **HJL**
   **SMC**
   **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DAVID G. DAIGLE
 Laurel A. Salley
 Michael J. DuBose

COUNSEL FOR DEFENDANT/APPELLEE,
KATHERINE A. DAIGLE
 Marc D. Winsberg
 Lee A. Heidingsfelder

**LILJEBERG, J.**

Plaintiff seeks review of the trial court's judgment, granting defendant's "Objection to Plaintiff's Petition to Make Foreign Judgments Executory" and vacating its prior order making two child custody judgments rendered in a Mississippi state court executory in Louisiana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The parties, David Daigle and Katherine Sharp, were married on April 6, 2002, and two children were born of this marriage—a daughter and a son. Only the parties' son remains a minor and is at issue in these proceedings. On December 14, 2012, a judgment of divorce was rendered in the Chancery Court of Jackson County, Mississippi, where the parties were domiciled at the time. This judgment included a consent agreement between the parties as to custody and visitation, which provided that Ms. Sharp would have "paramount care, custody and control" of the minor children and Mr. Daigle would have reasonable visitation rights, as further provided for in the agreement.

According to the parties, Ms. Sharp moved to St. Tammany Parish in Louisiana in 2015, and Mr. Daigle moved to Jefferson Parish in 2016. However, the parties continued to litigate issues pertaining to custody and child support in the Mississippi court. The record on appeal includes an "Agreed Order for Child Support and Other Relief" from the Mississippi court, dated September 19, 2016, in which the parties agreed to terms for the exchange of the children on Fridays and Sundays.[1] The record also contains a "Complaint to Modify Custody and Child Support" filed on September 11, 2018, in the Mississippi court by Mr. Daigle, stating that the Mississippi court had jurisdiction over the parties and

---

[1]     The September 19, 2016 order provided that "the parties shall alternate between Chalmette and Irish Bayou on Fridays for exchange of the children and shall meet in Irish Bayou on Sundays for exchange of the children."

subject matter and seeking sole custody of the parties' daughter. It also contains an "Agreed Judgment Modifying Custody and Child Support" from the Mississippi court, dated August 13, 2019, in which the parties agreed that Mr. Daigle would have primary physical custody of the parties' daughter, and Ms. Sharp would maintain primary physical custody of their son, the minor child at issue in these proceedings.

On October 8, 2020, Ms. Sharp filed a "Complaint for Contempt, Modification and Other Relief" in the Mississippi court, seeking to modify the August 13, 2019 custody judgment and to enjoin Mr. Daigle from interfering with the minor child's participation in extracurricular activities.

On October 9, 2020, Mr. Daigle filed a "Petition to Make Foreign Judgments Executory" in the 24th Judicial District Court for the Parish of Jefferson. In his petition, Mr. Daigle requested that the Jefferson Parish court make the following custody judgments rendered by the Mississippi court executory in Louisiana: 1) the December 14, 2012 judgment of divorce which initially set custody and visitation; and 2) the August 2019 "Agreed Judgment Modifying Custody and Child Support." On October 14, 2020, the Jefferson Parish court issued an order making these two child custody judgments executory in Louisiana.

On November 16, 2020, Ms. Sharp filed "Defendant's Objection to Plaintiff's Petition to Make Foreign Judgments Executory," challenging the October 14, 2020 order on the grounds that there was a custody modification proceeding pending simultaneously in the Mississippi court. Ms. Sharp requested that the Jefferson Parish court conduct a judicial communication with the Mississippi court, pursuant to La. R.S. 13:1829,[2] and dismiss the Louisiana

---

[2] La. R.S. 13:1829 provides:
> If a proceeding for enforcement under this Subpart is commenced in a court of this state and the court determines that a proceeding to modify the determination is pending in a court of another state having jurisdiction to modify the determination under Subpart B, the enforcing court shall immediately communicate with the modifying court. The proceeding

proceedings. In a supplemental memorandum filed April 5, 2021, Ms. Sharp asserted that "Mr. Daigle is not attempting to make executory the most recent judgment" of the Mississippi court and that the judgments had been modified.

The record shows that in the Mississippi proceedings, Mr. Daigle filed a "Motion to Transfer Jurisdiction," which the Mississippi court denied by order dated December 8, 2020, stating that it would retain jurisdiction over all matters. In this order, the Mississippi court also ordered that the minor child be allowed to participate in football as an extracurricular activity and shall be present for all games, as requested in Ms. Sharp's "Complaint for Contempt, Modification and Other Relief" filed October 8, 2020.

On March 16, 2021, Mr. Daigle filed a "Rule for Modification of Custody" in the Jefferson Parish court, seeking joint legal and shared physical custody of the minor child. Mr. Daigle indicated that a material change in circumstances had occurred since the September 19, 2016 judgment of the Mississippi court.

On April 5, 2021, Ms. Sharp filed an "Exception of Improper Venue," arguing that not only is the proceeding in the Jefferson Parish court barred from going forward due to the simultaneous proceeding in Mississippi, but also that Jefferson Parish was an improper venue because it is not the parish where the custody decree was rendered or the parish of the domiciliary parent, as Ms. Sharp is the domiciliary parent and is domiciled in St. Tammany Parish. On April 8, 2021, Mr. Daigle filed a memorandum in opposition to Ms. Sharp's "Objection to Plaintiff's Petition to Make Foreign Judgments Executory."

On April 12, 2021, Ms. Sharp's "Objection to Plaintiff's Petition to Make Foreign Judgments Executory" came for hearing before the Jefferson Parish court. After a pre-trial conference, the parties introduced exhibits that were admitted into

_____

for enforcement continues unless the enforcing court, after consultation with the modifying court, stays or dismisses the proceeding.

evidence without objection. The court then stated that it was declining Mr. Daigle's request to make the foreign judgments executory. On April 19, 2021, the Jefferson Parish court signed a written judgment granting Ms. Sharp's "Objection to Plaintiff's Petition to Make Foreign Judgments Executory" and vacating its prior October 14, 2020 judgment that had made the judgments executory. Mr. Daigle appeals.[3]

## LAW AND DISCUSSION

On appeal, Mr. Daigle sets forth two assignments of error. In his first assignment of error, Mr. Daigle argues that the Jefferson Parish court erred by failing to make the December 2012 judgment of the Mississippi court executory in Louisiana.[4] He contends that Ms. Sharp has not offered a valid objection under La. R.S. 13:1827(D) to the registration of the December 2012 judgment, because at the time he filed his "Petition to Make Foreign Judgments Executory," the December 2012 judgment had not been vacated, stayed, or modified by a court with jurisdiction. Mr. Daigle argues that the Mississippi court's August 13, 2019 judgment modifying custody is null and void, because the Mississippi court did not have subject matter jurisdiction at the time it was rendered. Mr. Daigle contends that in the absence of a valid objection under La. R.S. 13:1827(D), the Jefferson Parish court was required to register the December 2012 judgment and make it executory.

In addition, Mr. Daigle contends that La. R.S. 13:1829 pertaining to simultaneous proceedings does not apply. He argues that while there was a

---

[3]     On April 23, 2021, Mr. Daigle filed a writ application in this Court seeking review of the Jefferson Parish court's judgment. However, on May 5, 2021, this Court dismissed Mr. Daigle's writ application, finding that the judgment at issue is a final, appealable judgment, and instructing Mr. Daigle to file an appeal within the applicable time delays if he chose to seek review of the April 19, 2021 judgment. Mr. Daigle filed a timely "Motion for Devolutive Appeal" on May 10, 2021.

[4]     Mr. Daigle indicates that he is not seeking review of the Jefferson Parish court's refusal to register the August 13, 2019 judgment, because he contends that it is void due to the Mississippi court's lack of subject matter jurisdiction at the time it was rendered.

pending proceeding to modify custody in Mississippi at the time his petition was filed, the Mississippi court did not have jurisdiction to modify custody because it was no longer the home state of the child pursuant to La. R.S. 13:1813.

Ms. Sharp responds that she asserted a valid objection to registration of the Mississippi court's December 2012 judgment, in accordance with La. R.S. 13:1827(D)(2), on the basis that it was modified by the Mississippi court in its September 19, 2016 order, which Mr. Daigle sought to modify in his "Rule for Modification of Custody" filed in the 24th JDC, and also by the August 13, 2019 judgment of the Mississippi court. She further asserts that at the time Mr. Daigle filed his "Petition to Make Foreign Judgments Executory," a proceeding to modify custody was pending in the Mississippi court and a judgment was rendered in that proceeding on December 8, 2020, granting the custody modification she requested. Ms. Sharp contends that while it may be debatable as to whether Louisiana is a more appropriate forum than Mississippi, there is no doubt that Mississippi has continuing jurisdiction to modify custody until a court determines that the Mississippi court lacks jurisdiction.

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), found in La. R.S. 13:1801, *et seq.,* sets forth specific rules regarding the recognition, modification, and enforcement of child custody determinations. *Guzman v. Sartin*, 09-1677 (La. App. 1 Cir. 12/23/09), 31 So.3d 426, 429. The UCCJEA serves two purposes: 1) avoiding jurisdictional competition among the states; and 2) promoting resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information regarding the case. *Wootton v. Wootton*, 49,001 (La. App. 2 Cir. 5/14/14), 138 So.3d 1253, 1256. In accordance with the UCCJEA, a court of this state has a duty to recognize and enforce an out-of-state child custody determination if the other state exercised jurisdiction in compliance with the UCCJEA or the determination was made under factual circumstances

complying with the jurisdictional standards of the UCCJEA and the determination has not been modified. La. R.S. 13:1825(A).

Mr. Daigle filed his "Petition to Make Foreign Judgments Executory" in the Jefferson Parish court in accordance with La. R.S. 13:1827(A).[5] On November 16, 2020, Ms. Sharp filed an "Objection to Plaintiff's Petition to Make Foreign Judgments Executory," in accordance with La. R.S. 13:1827(D), which provides, in pertinent part:

> D. A person seeking to contest the validity of a registered order shall request a hearing within twenty days after service of the notice. At that hearing, the court shall confirm the registered order unless the person contesting registration establishes that:
>
> ****
>
> 2) The child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under Subpart B.

Ms. Sharp asserts that the December 2012 judgment should not be registered in Louisiana because it was modified by the Mississippi court in its September 19, 2016 and August 13, 2019 judgments, and also because a proceeding to modify custody was pending in the Mississippi court.[6]

---

[5] La. R.S. 13:1827(A) provides:

> (A) A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the appropriate court in this state:
>
> (1) A letter or other document requesting registration.
>
> (2) Two copies, including one certified copy, of the determination sought to be registered and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration, the order has not been modified.
>
> (3) Except as otherwise provided in R.S. 13:1821, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

[6] Ms. Sharp also asserted that because a proceeding to modify custody was pending in the Mississippi court, the Jefferson Parish court was required to communicate with the Mississippi court in accordance with La. R.S. 13:1829. Ms. Sharp states that before the hearing on April 12, 2021, the Jefferson Parish court did communicate with the Mississippi court. However, the contents of that communication are not in the record before us.

It is undisputed that Mississippi had jurisdiction over this matter when the December 2012 judgment regarding custody was rendered. Although the parties contend that they and the minor child have lived in Louisiana since at least 2016, both parties continued to file pleadings in the Mississippi court, which continued to exercise jurisdiction after that time. Mr. Daigle contends that the August 2019 judgment of the Mississippi court is null and void, because the court lacked subject matter jurisdiction. However, Ms. Sharp responds that jurisdiction was and continues to be proper in the Mississippi court pursuant to La. R.S. 13:1814,[7] which provides:

> A. Except as otherwise provided in R.S. 13:1816, a court of this state which has made a child custody determination consistent with R.S. 13:1813 or 1815 has exclusive, continuing jurisdiction over the determination until:
>
> 1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationship; or
>
> 2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.
>
> B. A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this Section may modify that determination only if it has jurisdiction to make an initial determination under R.S. 13:1813.

Although the record does not contain all of the Mississippi proceedings, it contains a copy of the September 2016 order setting the location of the parties' exchange of the children and the August 2019 judgment modifying custody. The September 2016 order specifically provides that the Mississippi court had jurisdiction over the parties and the subject matter. There is no indication in the

---

[7] Mississippi has also adopted the provisions of the UCCJEA. Miss. Code Ann. §93-27-202 is nearly identical to La. R.S. 13:1814.

record that any court made a determination under La. R.S. 13:1814(A)(2), that the parties and the minor child did not reside in Mississippi at the time of the September 19, 2016 or August 13, 2019 judgments. We note that Ms. Sharp filed a letter in the Mississippi proceedings on April 8, 2015 indicating that her address had recently changed to an address in Slidell, Louisiana, but the letter provides no further details.

Neither the Jefferson Parish court nor the Mississippi court has made a determination that the Mississippi court no longer has subject matter jurisdiction. To the contrary, the Mississippi court has indicated that it wishes to retain jurisdiction over this matter, as shown by its denial of Mr. Daigle's "Motion to Transfer Jurisdiction," and the Jefferson Parish court vacated its October 14, 2020 order that made the December 2012 judgment executory in Louisiana. The record does not show that Mr. Daigle sought appellate review in Mississippi of the denial of his "Motion to Transfer Jurisdiction" or other rulings finding the Mississippi court to have subject matter jurisdiction.

In order to find that the December 2012 judgment was not validly modified by the September 2016 or August 2019 judgments, this Court would have to find that the Mississippi court's judgments are null and void due to lack of subject matter jurisdiction at the time they were rendered. The record does not contain sufficient evidence to establish that the Mississippi court lacked jurisdiction when these judgments were rendered.

Because the December 2012 judgment was modified after it was rendered and the record does not show that the Mississippi court lacked jurisdiction at the time of the modifications, we find no error in the Jefferson Parish court's April 19, 2021 judgment, granting Ms. Sharp's "Objection to Petition to Make Foreign Judgments Executory" and vacating its October 14, 2020 order. Accordingly, Mr. Daigle's first assignment of error is without merit.

In his second assignment of error, Mr. Daigle argues that the Jefferson Parish court erred by finding that Mississippi is the proper forum to hear this case. He contends that the minor child has lived in Louisiana since 2015, and that it is the child's home state pursuant to La. R.S. 13:1813(A) and La. R.S. 13:1802(7)(a).

On appeal, the issue before this Court is whether the Mississippi court's December 2012 judgment should have been made executory in Louisiana. Whether or not Mississippi has subject matter jurisdiction to continue exercising jurisdiction over the custody proceedings at this point in time was not before the Jefferson Parish court and is not before us on appeal.

Although the Jefferson Parish court stated at the April 12, 2021 hearing that it believes Mississippi is the proper forum to hear this case, this was not a ruling of the trial court and is not contained in the written judgment signed by the Jefferson Parish court on April 19, 2021. It is well-settled that a trial court's oral or written reasons form no part of the judgment itself, and that appellate courts review judgments, not reasons for judgment. *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507, 572; *Holmes v. Paul*, 19-130 (La. App. 5 Cir. 10/2/19), 279 So.3d 1068. Accordingly, this assignment of error is without merit.

**DECREE**

For the foregoing reasons, we affirm the Jefferson Parish court's April 19, 2021 judgment, which granted Ms. Sharp's "Objection to Mr. Daigle's Petition to Make Foreign Judgment Executory" and vacated the Jefferson Parish court's October 14, 2020 order making two child custody judgments rendered in a Mississippi state court executory in Louisiana.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-339

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
LAUREL A. SALLEY (APPELLANT)     MICHAEL J. DUBOSE (APPELLANT)     NATALIE N. ENTERKIN (APPELLANT)
MARC D. WINSBERG (APPELLEE)

## MAILED

SANDRA S. SALLEY (APPELLANT)          LEE A. HEIDINGSFELDER (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW
3445 NORTH CAUSEWAY BOULEVARD          650 POYDRAS STREET
SUITE 510                              SUITE 2050
METAIRIE, LA 70002                     NEW ORLEANS, LA 70130