# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-68

JAVEED KHAN

VERSUS

RESHMA AZEEZ

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2023-1212-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Angelo J. Piazza, III**
**Attorney at Law**
**P.O. Box 429**
**Marksville, LA 71351**
**(318) 253-6423**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Javeed Khan**

**Douglas L. Bryan**
**The Bryan Law Firm, LLC**
**P. O. Box 707**
**Marksville, La 71351-0707**
**(318) 240-8282**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Reshma Azeez**

**Derek P. Manuel**
**Attorney at Law, PLLC**
**115 East Ogden Street**
**Marksville, LA 71351**
**(318) 717-1199**
**COUNSEL FOR OTHER APPELLEE:**
       **State of Louisiana**

**GREMILLION, Judge.**

Javeed Khan appeals the trial court's judgment granting res judicata in favor of Reshma Azeez giving full faith and credit to a divorce judgment rendered in Illinois. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Khan and Azeez are citizens of India and were married there in 2003 but have resided in the United States since 2007. They first lived in Maryland, then moved to Quincy, Illinois in 2017. They are the parents of two teenaged children, one born in 2005 and the other in 2008. Khan and Azeez traveled to India in November 2018, whereupon Khan deserted his wife taking her passport with him. He was then unilaterally granted a divorce under Islamic law by uttering of the word "talaq" (divorce) three times, a practice which India declared illegal and unconstitutional on July 31, 2019, retroactive to September 19, 2018, under the Muslim Women (Protection of Rights on Marriage) Act. It states that a declaration of triple talaq is void and illegal and "any pronouncement of talaq by a Muslim husband upon his wife, by words, either spoken or written or in electronic form or in any other manner whatsoever, shall be *void* and illegal" and subjects the husband to a three year prison term and a fine. Upon her eventual return to the United States in March 2019, Azeez immediately filed a petition for dissolution of marriage in an Adams County, Illinois court on March 13, 2019.

Khan objected to the Illinois court's jurisdiction arguing he had been divorced via the talaq method. In March 2019, he filed a special limited pleading to question the jurisdiction of the court. Following a full hearing in April 2019, the Illinois trial court denied Khan's exception finding that the UCCJEA (Uniform Child Custody Jurisdiction and Enforcement Act) and basic principles of human rights required a

finding that the divorce by talaq and any subsequent child custody determinations were invalid. The trial court found that the United States was the country of habitual residence of the children and Illinois their home state. An order rendered on April 4, 2019, by the Illinois trial court denied Khan's limited pleading to question jurisdiction of the court and stated in part:

> The parties and their children have resided in the United States since 2007. One child was born in the United States. In 2017 the family relocated to Quincy, Adams County, Illinois. Under the UCCJEA, a state court must treat a judgment rendered in a foreign country as if it were rendered in another state of the United States. A child custody determination made in a foreign country must be recognized and enforced if made under circumstances in substantial conformity with the jurisdictional standards of the Act. Finally, an Illinois court is not required to apply the Act internationally if the law of a foreign country violates fundamental principles of human rights.

> In this case, in November of 2018, the parties traveled together to India, leaving the children in the State of Illinois. Once there, Dr. Khan made the first pronouncement of a divorce, called "Talak," based on Islamic law. He then returned to the United States two or three days later. Specifically he returned to Illinois where the children had remained. He then made the second and third pronouncements of "Talak." He testified that none of these three pronouncements were made in the presence of Azeez. Azeez testified that once Dr. Khan left India, she was without her Indian Passport and her Visa. She was unable to return to Illinois until she obtained replacements for these documents. Upon her return to Illinois in March, she immediately sought counsel and filed this action.

> Any divorce action that results in a judgment, that includes child custody, based simply on a pronouncement of divorce by a husband violates fundamental principles of the wife's rights to dispute the divorce action and be heard with regard to division of assets and debts as well as custody of the parties' minor children. According to the testimony of Dr. Khan, the only right afforded under this pronouncement of divorce is the right of the wife to make efforts of reconciliation. As such, the Court declines to give international application to the "Talak" as it applies to parental responsibility/custody of the parties' minor children. Only an Illinois court-not an Indian court-can grant complete relief to the parties, since only Illinois has the jurisdiction to decide parenting and custody matters. Under the UCCJEA, Illinois is the children's home state.

2

The Illinois court rendered a judgment on November 6, 2019, finding the India judgment invalid, dissolving the marriage, setting forth child custody, and awarding spousal and child support in accordance with Illinois laws. That same day, it filed an addendum to the judgment for dissolution of marriage which stated:

> The Court specifically finds that the Respondent intended to proceed without the benefit of counsel as evidenced by his filing of letters and documents purported to be his Pretrial Affidavit.
>
> The Court finds that the Respondent's resignation from his position at Blessing Physicians, Inc. was not done in good faith and was done for the purpose of avoiding his responsibility of support due to Petitioner and the parties' minor children, both temporarily and permanently.
>
> The Court further finds based on the aforementioned filings that the Respondent was aware of the date and time of the hearing and did not intend to personally appear. As such, the Judgment for Dissolution of Marriage and this Addendum is entered on an ex parte basis.

Khan did not appeal the Illinois judgment.

On June 15, 2023, Khan filed a petition for recognition and to make executory a foreign divorce decree, for declaratory relief, and an alternative rule for custody in Louisiana seeking to have his India divorce judgment recognized pursuant to La.Code Civ.P. art. 2541. Azeez filed an exception of res judicata on August 7, 2023. Khan filed an amending and supplemental petition on August 21, 2023, with supplemental documents from India declaring his three talaq pronouncements valid.

Following an August 21, 2023 hearing on the exception of res judicata, the trial court granted Azeez's exception and dismissed Khan's claims. The trial court, in its reasons for ruling dated August 29, 2023, stated in part:

> After a review of all documents and information, it is absolutely clear to this Court that all of the matters pending in this Court concerning the validity or invalidity of the India Divorce Judgment have already been decided by the Illinois Court. Actually, more evidence was submitted to the Illinois Court concerning the India Judgment than in this Court. Very simply, the Court lacks standing and/or jurisdiction to issue any further Ruling concerning the India Divorce Judgment as it has already

3

been decided by the Illinois Court. It is a matter already decided and it is clearly Res Judicata. That being said, the actual Divorce rendered in India, may, after a review of all evidence, be valid as to the dissolution of the marriage. However, as to the issue of custody, it is abundantly clear that the Illinois Court has heard all evidence and has issued a specific Ruling finding that the Illinois Court need not give full faith and credit to a Judgment which did not provide fundamental rights and principles of law in favor of a mother. Once again, a matter has already been decided and therefore cannot be decided by this Court.

On September 5, 2023, Azeez filed a petition to make judgments rendered in the circuit court of the eighth judicial circuit court of Illinois, Adams County, executory. The trial court ordered the judgments of the Illinois court be made executory on September 7, 2023. On September 25, 2023, Khan filed a motion to vacate the September 7, 2023 judgment and order. The trial court's judgment granting Azeez's exception of res judicata was filed on September 25, 2023. It is from this judgment that Khan now appeals assigning as error:

> The trial court erred as a matter of law in violation of LSA-C.C.P. 2541, by granting the defendant's Exception of Res Judicata and for dismissing the plaintiff['s] case by relying upon a Foreign Judgment that had not been previously made executory or properly recognized as required pursuant to LSA-C.C.P. 2541.

## DISCUSSION

Khan argues the Illinois proceeding was never made executory, and the divorce decree admitted by the Louisiana court was incompetent and inadmissible evidence because it was not admitted via an ordinary proceeding which would allow Khan to present evidence. The recognition of foreign judgments in Louisiana is governed by La.Code Civ.P. art. 254, which states:

> A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

4

B. A duly authenticated copy of the judgment or decree must be annexed to the petition.

C. A judgment, decree, or order of a court of the United States or any other court that is entitled to full faith and credit in this state may also be enforced pursuant to R.S. 13:4241.

Louisiana Revised Statutes 13:4241 provides that foreign judgments are entitled to full faith and credit in Louisiana.[1]

A Louisiana court can only deny full faith and credit to a judgment of another court if that court lacked jurisdiction. *Lepard v. Lepard*, 31,351 (La.App. 2 Cir. 12/9/98), 722 So.2d 367.

In *Succession of Aguilera*, 07-77, pp. 3–4 (La.App. 3 Cir. 5/2/07), 956 So.2d 718, 720–21, *writ denied*, 07-1090 (La. 9/14/07), 963 So.2d 998, a panel of this court set forth the full faith and credit due a valid foreign judgment:

Louisiana courts are required to give full faith and credit to judgments of courts of other states. U.S. Const. art. 4, § 1.

The constitutional command of full faith and credit, as implemented by Congress, requires that "judicial proceedings * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken." Full faith and credit thus generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. "By the Constitutional provision for full faith and credit, the local doctrines of *res judicata*, speaking generally, become a part of national

---

[1] Louisiana Revised Statutes 13:4242 provides the procedure for filing a foreign judgment in Louisiana:

A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

> jurisprudence, and therefore federal questions cognizable here."

*Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963)(*quoting Riley v. New York Trust Co.*, 315 U.S. 343, 349, 62 S.Ct. 608, 612, 86 L.Ed. 885 (1942))(footnote omitted).

Unless the foreign forum lacked jurisdiction over the litigants or the subject matter involved in the controversy, Louisiana courts cannot deny full faith and credit to a foreign judgment. *Ponderosa Assocs., Ltd. v. Verret*, 97-1184 (La.App. 3 Cir. 7/1/98), 714 So.2d 956, *writ denied*, 98-2368 (La.11/20/98), 728 So.2d 1290. One seeking to escape the operation of a judgment rendered in another state has the burden of proof. *Esenwein v. Commonwealth of Penn.*, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608 (1945); *Andries v. Andries*, 398 So.2d 123 (La.App. 3 Cir.1981).

Moreover, UCCJEA provisions relating to the enforcement and modification of child custody determinations, as the more specific law, are applicable to foreign judgments and do not require "registration" before they can be recognized, enforced or modified. *See* La.R.S. 13:1827. In *Guzman v. Sartin*, 09-1677 (La.App. 1 Cir. 12/23/09), 31 So.3d 426, the wife set forth the same argument as Khan-that her ex-husband failed to make a Venezuelan custody judgment executory in Louisiana in accordance with La.Code Civ.P. art 2541 or La.R.S. 13:4242. The appellate court found (emphasis added):

> However, out-of-state child custody determinations are specifically governed by the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter referred to as the UCCJEA) found in Louisiana Revised Statute 13:1801–1842, which sets forth specific rules regarding the recognition, modification, and enforcement of child custody determinations. This statute applies to international cases as well as domestic cases. The purpose of the UCCJEA is to "provide clearer standards for which States can exercise original jurisdiction over a child custody determination."

> The Venezuelan judgment determined the custody of the two children, awarding Ms. Sartin custody while Mr. Guzman was to enjoy an open visitation schedule to conform to his military duties. Mr. Guzman now seeks to modify that custody determination to provide for more structured visitation. *The UCCJEA does not require that an out of state custody determination be made executory to be enforceable.* See

La. R.S. 13:1825. Thus, the UCCJEA, as the more specific law on this issue, applies to the instant case.

Ms. Sartin further avers that Mr. Guzman failed to register the Venezuelan custody determination in accordance with the UCCJEA. The UCCJEA permits registration of an out of state custody determination. Louisiana Revised Statute 13:1827 provides in pertinent part that "[a] child custody determination issued by a court of another state *may* be registered in this state, with or without a simultaneous request for enforcement ..." This statute also applies to child custody determinations made in foreign countries.

However, a clear reading of the UCCJEA demonstrates that the legislature did not intend to mandate that parties register their out-of-state child custody determination for the determination to be recognized, enforced, and modified under the laws of this state. *The use of the word may in the statute indicates that registration of the judgment is permissive, not mandatory.* In accordance with the UCCJEA, a court of this state *has a duty to recognize and enforce an out-of-state child custody determination if the other state exercised jurisdiction in compliance with the UCCJEA* or the determination was made under factual circumstances complying with the jurisdictional standards of this Act and the determination has not been modified in accordance with the Act. La. R.S. 13:1825(A).

*Id.* at 429–30.

Khan argues that every foreign judgment afforded full faith and credit by this state must first have a full evidentiary hearing in order to make the judgment "executory." We disagree.

In *In re Succession of Aguilera*, 956 So.2d at 720, we noted that, "The effect of the full faith and credit clause of the Constitution is to preserve the conclusiveness of the foreign judgment as evidence, not to preserve its executory character." In *Aguilera*, the executor challenged a Florida judgment probating a will. The executor advanced the same arguments made by Khan-that decedent's sister had to institute proceedings to make the Florida judgment executory in Louisiana. A panel of this court affirmed the trial court's grant of res judicata finding that the executor failed

to put on any evidence that the Florida court did not have jurisdiction over the decedent.

Khan is the party who sought full faith and credit of his India divorce judgment in Louisiana, despite the Illinois judgment invalidating it and setting forth child custody determinations in accordance with the UCCJEA. He did not appeal the valid Illinois judgment. Moreover, as the moving party, he bore the burden of proving the validity of the India judgment. "Because there is the general presumption that a judgment of a sister state is valid, the burden of undermining such a judgment rests heavily upon the party attacking the judgment to show by clear and positive proof that the rendering court lacked jurisdiction." *McMillan v. Noble*, 538 So.2d 714, 717 (La.App. 4 Cir. 1989), citing *American Standard Leasing v. Plant Specialties, Inc.*, 427 So.2d 555 (La.App. 3rd Cir. 1983). Azeez was not seeking to execute the Illinois judgment, nor was she required to make the Illinois judgment executory in Khan's action to have his India judgment recognized. Thus, the only question before us is whether the trial court's finding that the Illinois judgment was entitled to full faith and credit was erroneous.

The Illinois court exercised its jurisdiction over the parties pursuant to 750 ILCS 36/201, which authorizes a court in the state of Illinois to make an initial child custody determination if Illinois is the home state of the children, or was the home state of the children in the six months prior to the commencement of the action and the parent continues to live in Illinois. This article specifically provides for the exclusive, continuing jurisdiction of the court relating to child-custody matters. It is undisputed that Illinois was the home state of the children and Azeez. Khan challenged the jurisdiction of the Illinois court over him in Illinois, asserted the validity of the India judgment, and did not appeal the trial court's judgment. Khan's

second attempt to validate his India judgment in Louisiana amounts to nothing more than forum shopping.

Azeez successfully proved that a valid judgment was executed in Illinois; thus, res judicata applied to prohibit litigation of the same issues arising out of the same facts (i.e. divorce, custody, and support awards). La.R.S. 13:4231; *Newburger v. Orkin, L.L.C.*, 20-534 (La.App. 3 Cir. 5/5/21), 320 So.3d 465, *writ denied*, 21-782 (La. 10/01/21), 324 So.3d 1061. Accordingly, the trial court did not err in granting full faith and credit to the Illinois judgment.

Khan further argues that the Illinois judgment could not be used as a defense by Azeez "until it was validly recognized." He claims the Illinois judgment was "successfully attacked for lack of Jurisdiction in the LASES case herein. Despite the discussion in the trial court's ruling on the LASES case, that Judgment remains valid and final. It is not material or probative in this case, except as persuasive." We disagree.

The State of Illinois referred the Illinois judgment to the State of Louisiana, Support Enforcement Services (LASES) to register and enforce the judgment in Louisiana. The Louisiana Department of Children and Family Services filed a petition to register a foreign support order for enforcement and modification under the provisions of La.Ch.Code arts. 1306.1, et seq. in October 2022, to which Khan objected, filing an exception of lack of subject matter jurisdiction in November 2022. At that time Khan owed arrearages of $162,716.15. A hearing followed on March 22, 2023. Azeez was unaware of these proceedings and had not received notice of any kind. The trial court found that Illinois did not have jurisdiction over Khan; however, because Azeez had received no notice of the LASES hearing, she was unable to defend Khan's claims, and the State had no evidence to dispute Khan's

9

claims that he did not receive notice relating to the Illinois hearings. Thus, the trial court rendered a judgment in Khan's favor prohibiting the Department of Children and Family Services from enforcing the LASES order. The Department of Children and Family Services filed a motion for new trial or to annul an order denying and vacating registration in June 2023. In the motion, DCFS noted that the exhibits show that Khan:

> testified falsely in this matter, at the very least, with regard to his supposed lack of notice in the Illinois proceedings. It would be a miscarriage of justice to deny JAVEED KHAN'S children support based on his false testimony. The State avers that the order denying and vacating registration was obtained by fraud or ill practices, and moves this Honorable Court to annul [] the order denying registration pursuant to La. C.C.P. Art. 2004.

In the current matter, the trial court took notice of its error in the LASES matter (which is not consolidated with this matter) stating that it was clear that it did not know at the time it ruled that Khan had been fully aware of and participated in the Illinois judgment. The trial court noted its erroneous ruling in the LASES case at the hearing on the exception of res judicata:

> [A]ctually the basis upon which this Court denied enforcement of the Illinois Order, was based upon information that this Court had at that time indicating that Javeed Khan did not have notice of the November 5, 2019, Hearing. However, not only did Javeed Khan have notice of this Hearing, he also wrote an apology letter in advance of the Hearing, dated November 1, 2019, wherein he apologizes for not showing up for the November 5, 2019, Hearing. Also attached was a form of an Affidavit and/or information including various financial information and property information of the parties. The Illinois Court issued a Ruling on November 5, 2019, and once again, based on this Court's belief that Javeed Khan did not have notice, this Court refused to make the Illinois Judgment executory. The information supplied to the Court at the Hearing in the LASES case clearly was incomplete. As a result, the Ruling of the Court's finding that Javeed Khan did not have notice of the November 5, 2019 Hearing was clearly wrong.

While a final judgment relating to the LASES matter was signed by the trial court on March 24, 2023, Azeez filed a petition in intervention seeking to have the

judgment annulled or, in the alternative, a new trial granted. Khan filed a motion to stay the proceedings relating to the LASES matter pending the outcome of this appeal. We agree with the trial court that its decision in the LASES matter was clearly wrong and, therefore, there is a substantial likelihood that the nullity will be granted.

We note that Khan's actions relating to this matter approach an abuse of judicial process, and we will find him in contempt of court for frivolous appeal should he assert another false claim that he did not have notice of the Illinois hearings that he clearly participated in. La.Code Civ.P. art. 2164.

## CONCLUSION

The trial court's judgment granting Azeez's exception of res judicata is affirmed as Louisiana must give full faith and credit to the Illinois judgment dissolving the marriage and setting forth custody and support awards. All costs of this appeal are assessed to Javeed Khan.

**AFFIRMED**.